AO 91
Rev. 11/97

**CRIMINAL COMPLAINT**

ORIGINAL

| UNITED STATES DISTRICT COURT | CENTRAL DISTRICT OF CALIFORNIA |
|---|---|

| UNITED STATES OF AMERICA<br>v.<br><br>MICHAEL PETERSON | DOCKET NO.<br><br>MAGISTRATE'S CASE NO.<br>ED11-0443M |
|---|---|

FILED
CLERK, U.S. DISTRICT COURT

DEC – 1 2011

CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

Complaint for violation of Title 18, United States Code, Sections 2252A(a)(2)(A) and 2252A(a)(5)(B).

| NAME OF MAGISTRATE JUDGE<br>HONORABLE DAVID T. BRISTOW | UNITED STATES<br>MAGISTRATE JUDGE | LOCATION<br>RIVERSIDE, CA |
|---|---|---|

| DATE OF OFFENSE<br>May 4, 2011 | PLACE OF OFFENSE<br>San Bernardino County | ADDRESS OF ACCUSED (IF KNOWN) |
|---|---|---|

COMPLAINANT'S STATEMENT OF FACTS CONSTITUTING THE OFFENSE OR VIOLATION:

On or about May 4, 2011, in San Bernardino County, within the Central District of California, defendant **Michael Peterson** knowingly distributed child pornography that had been shipped or transported using any means or facility of interstate or foreign commerce, or in or affecting interstate or foreign commerce by any means, including by computer, or that was produced using materials that had been mailed, shipped or transported in or affecting interstate or foreign commerce by any means, including by computer, knowing that the images were child pornography in violation of Title 18, United States Code, Section 2252A(a)(2)(A).

In or about July 2011, in San Bernardino County, within the Central District of California, defendant **Michael Peterson** knowingly received and possessed child pornography onto a computer that had been shipped or transported using any means or facility of interstate or foreign commerce, or in or affecting interstate or foreign commerce by any means, including by computer, or that had been produced using materials that had been mailed, shipped or transported in or affecting interstate or foreign commerce by any means, including by computer, knowing that the images were child pornography in violation of Title 18, United States Code, Sections 2252A(a)(2)(A) and 2252A(a)(5)(B).

BASIS OF COMPLAINANT'S CHARGE AGAINST THE ACCUSED:

(See attached affidavit which is incorporated as part of this Complaint)

MATERIAL WITNESSES IN RELATION TO THIS CHARGE:

| Being duly sworn, I declare that the foregoing is true and correct to the best of my knowledge. | SIGNATURE OF COMPLAINANT<br>Scott R. Steward (DHS-HSI) |
|---|---|
| | OFFICIAL TITLE:<br>Department of Homeland Security<br>Homeland Security Investigations |

| Sworn to before me and subscribed in my presence, | |
|---|---|
| SIGNATURE OF MAGISTRATE JUDGE(1) | DATE<br>December 1, 2011 |

1) See Federal Rules of Criminal Procedure rules 3 and 54.

Ami Sheth:ii REC:Detention

<u>**AFFIDAVIT**</u>

I, Scott R. Steward, being duly sworn, do hereby depose and state:

I.      <u>**INTRODUCTION**</u>

1.      I am a Special Agent ("SA") with the Department of Homeland Security, Homeland Security Investigations ("DHS/HSI"), assigned to the Special Agent in Charge ("SAC") Los Angeles, CA, Assistant Special Agent in Charge ("ASAC") Riverside/San Bernardino, CA. I have been so employed since September of 2004. Prior to my employment with Homeland Security Investigations, I was employed as a U.S. Border Patrol Agent since January of 2000.

2.      I have been assigned to the Child Exploitation Investigations Group ("CEIG") since approximately April of 2011. I have assisted in several cases where crimes against a child have been alleged at the state, county, and federal level of prosecution.

3.      I investigate, among other things, the sexual exploitation of children and child pornography and have conducted numerous investigations involving the possession, receipt, production, and distribution of child pornography. I have attended numerous training classes regarding the Internet, on-line child pornography, and Internet child enticement investigations and have consulted with my colleagues who have many years of experience investigating child pornography and child exploitation cases. I have also been involved in the execution of numerous prior search and arrest warrants.

II.     <u>**PURPOSE OF AFFIDAVIT**</u>

4.      This affidavit is made in support of a criminal complaint charging MICHAEL PETERSON ("PETERSON") with violations of Title 18, United States Code, Sections

2252A(a)(2): Receipt and Distribution of Child Pornography and 2252A(a)(5)(B): Possession of Child Pornography.

5.     The facts set forth in this affidavit are based upon my personal observations, training, and information related to me by other law enforcement officials and witnesses.  This affidavit is intended to show that there is probable cause for the requested complaint and does not purpose to set forth all of my knowledge of, or investigation into, this matter.

6.     Because this affidavit is being submitted for the limited purpose of securing the requested criminal complaint, I have not included each and every fact known to me concerning this investigation.  I have set forth only those facts that I believe are necessary to establish probable cause for the requested criminal complaint, namely, probable cause that PETERSON committed violations of Title 18, United States Code, Sections 2252A(a)(2): Receipt and Distribution of Child Pornography and 2252A(a)(5)(B): Possession of Child Pornography.

7.     In this affidavit, "child pornography," "visual depiction," "minor," and "sexually explicit conduct" are defined as set forth in Title 18, United States Code, Section 2256.

III.   **SUMMARY OF PROBABLE CAUSE**

8.     As set forth in greater detail below, I believe there is probable cause to believe that PETERSON has committed violations of Title 18, United States Code, Sections 2252A(a)(2): Receipt and Distribution of Child Pornography and 2252A(a)(5)(B): Possession of Child Pornography.

9.     On or about May 4, 2011, an agent, working in an undercover capacity, downloaded child pornography from PETERSON through a peer-to-peer file sharing website.

10.     On July 8, 2011, a federal search warrant was executed at PETERSON'S residence during which agents observed that PETERSON's laptop was in the process of downloading child pornography.

11.     Also, pursuant to the search warrant, digital and electronic devices were seized from PETERSON's residence and a forensic agent performed searches on those devices. The searches revealed approximately 500,000 images and approximately 7,500 videos depicting child pornography. The images and videos contained children, between the approximate ages of 18 months to 17 years old, posing nude or engaged in explicit sexual acts with other children, with adults, or with other children and adults. There were also movie files found with sadomasochistic bondage scenes and children as young as 18 months old being sexually molested.

## IV.     BACKGROUND REGARDING CHILD EXPLOITATION OFFENSES, COMPUTERS, AND THE WORLDWIDE INTERNET

12.     <u>Computers and Child Pornography</u>. Based on my training and experience, and the experience of other law enforcement officers with whom I have communicated, I know that computers and computer technology have revolutionized the way in which individuals interested in child pornography interact with each other. Child pornography formerly was produced using cameras and film (either still photography or movies). The photographs required darkroom facilities and a significant amount of skill in order to develop and reproduce the images. There were definable costs involved with the production of pornographic images. To distribute these images on any scale required significant resources. The photographs themselves were somewhat bulky and required secure storage to prevent their exposure to the public. The distribution of these wares was accomplished through a combination of personal contacts, mailings, and telephone calls.

3

13.     The development of computers has changed this; computers serve four basic functions in connection with child pornography: production, communication, distribution, and storage.

14.     Child pornographers can now transfer photographs from a camera onto a computer-readable format with a device known as a scanner.  With the advent of digital cameras, the images can now be transferred directly onto a computer.  A device known as a modem allows any computer to connect to another computer through the use of telephone, cable, or wireless connection.  Electronic contact can be made to literally millions of computers around the world.

15.     The computer's ability to store images in digital form makes the computer itself an ideal repository for child pornography.  The size of the electronic storage media (commonly referred to as the hard drive) used in home computers has grown tremendously within the last several years.  These drives can store hundreds of thousands of images at very high resolution.

16.     Internet.  The Internet is a collection of computers and computer networks which are connected to one another via high-speed data links and telephone lines for the purpose of communicating and sharing data and information.  Connections between Internet computers exist across state and international borders; therefore, information sent between two computers connected to the Internet frequently crosses state and international borders even when the two computers are located in the same state.

17.     Internet Service Providers.  Any individuals and businesses obtain access to the Internet through businesses known as Internet Service Providers ("ISPs").  ISPs provide their customers with access to the Internet using telephone or other telecommunications lines; provide Internet e-mail accounts that allow users to communicate with other Internet users by sending and receiving electronic messages through the ISPs' servers; remotely store electronic files on

their customers' behalf; and may provide other services unique to each particular ISP. ISPs

maintain records pertaining to the individuals or businesses that have subscriber accounts with

them. Those records often include identifying and billing information, account access

information in the form of log files, e-mail transaction information, posting information, account

application information, and other information both in computer data and written record format.

18.     IP Addresses. An Internet Protocol address ("IP address") is a unique numeric

address used by each computer on the Internet. An IP address is a series of four numbers, each

in the range 0-255, separated by periods (e.g., 121.56.97.178). Every computer attached to the

Internet must be assigned an IP address so that Internet traffic sent from and directed to that

computer may be properly directed from its source to its destination. Most ISPs control a range

of IP addresses.

19.     When a customer logs into the Internet using the service of an ISP, the computer

used by the customer is assigned an IP address by the ISP. The customer's computer retains that

IP address for the duration of that session (i.e., until the user disconnects), and the IP address

cannot be assigned to another user during that period.

20.     Individuals who distribute child pornography over the internet through the use of

a computer had to have possessed the electronic data prior to sharing it. For example, an

individual could have first obtained a particular file months or years before sharing it over the

Internet. Or, the individual could be sharing the same image files for years.


//

//

//

## V.     PROBABLE CAUSE

### A.     Distribution of Child Pornography

21.     On May 4, 2011, Wilmington, Delaware DHS/HSI SA Patrick McCall logged onto a peer-to-peer file-sharing website in an undercover capacity.  I learned the following information from a report prepared by SA McCall:

a.     On May 4, 2011, SA McCall, in an undercover capacity, connected to someone using the username "mikeytoo," who was logged-on to a peer-to-peer file-sharing website.

b.     SA McCall was able to view some of the files and folders "mikeytoo" shared with others on the website.  On May 4, 2011, from approximately 3:30 to 3:45 p.m., SA McCall downloaded 62 image files (consisting of 57 images and 5 videos), which he believed included child pornography, directly from "mikeytoo's" peer-to-peer network.  SA McCall stated in his report that the majority of the downloaded videos depicted minors engaged in sexually explicit activities.

22.     On May 28, 2011, I received a compact disc from SA McCall that contained the images and videos he downloaded from "mikeytoo" on May 4, 2011.  Upon reviewing the 62 images and videos, I saw that the images and videos depicted minors either engaged in sexually explicit activities or photographed in the nude.  Listed below are descriptions of three of the images downloaded by SA McCall from "mikeytoo's" shared files on May 4, 2011:

a.     Filename aa3.jpg: This image depicts a prepubescent male lying on his back with his head toward the left of the photo.  The prepubescent male has his legs spread out and his knees above his chest.  The prepubescent male's feet are outside of the frame of the photo but appear to be held to the prepubescent male's chest by an adult male who is on his

6

knees. The adult male is nude from the waist down and is penetrating the prepubescent male's anus with the tip of his erect penis. Both the juvenile's and adult's genitalia are visible.

        b.      Filename air-r040.jpg: This image depicts a close-up photo of a prepubescent male lying on his back with his head, upper torso and his knees and feet outside of the frame of the photo. The prepubescent male is holding his penis in his hand and a nude adult male is on his knees and is penetrating the prepubescent male's anus with his erect penis.

        c.      Filename AD34c.jpg: This image depicts a nude prepubescent male sitting on top of a nude adult male. The adult male is lying on his back and is only visible from the lower torso down to his genitalia. The adult male is penetrating the prepubescent male's anus with his erect penis. The genitalia of both the adult male and the prepubescent male are visible in this photograph.

    **B.**      **Identification of the Subject Premises and Possible Suspect**

23.      I reviewed SA McCall's report of investigation dated May 23, 2011, which provided the following information:

        a.      SA McCall used a software utility in order to identify the internet protocol ("IP") address of user "Mikeytoo." This IP address was identified as 173.58.116.234. According to SA McCall's report, a query of an online databases revealed that IP Address 173.58.116.234 was registered to the Internet Service Provider ("ISP") Verizon Communications and is believed to be located near Ontario, California.

        b.      On May 9, 2011, SA McCall issued a HSI Summons to Verizon requesting the subscriber information for the IP address 173.58.116.234, on May 4, 2011, from 8 a.m. to 4:00 p.m. On May 9, 2011, Verizon Legal Compliance responded to the Summons and indicated that user of the above-listed IP address on the requested date and time was recorded as:

Customer Name:  Peterson, Mike
Service Address:  XXXX, Ontario, California 91761
Billing Address:  Same
Phone:  XXX-XXX-XXXX
Email Addresses:  mikeytoo@earthlink.net
Type of Service:  FiOS Cable TV and internet
Length of Service:  07/17/2010- Present[1]

        c.     SA McCall then conducted queries on Michael Peterson ("PETERSON"),

a resident of Ontario, California.  SA McCall searched law enforcement databases which

indicated that MICHAEL PETERSON lived at the aforementioned address (the "subject

premises").  SA McCall was also able to acquire PETERSON's date of birth, social security

number, and driver's license number.

      24.     I conducted similar searches on June 6, 2011, and confirmed the same information

regarding PETERSON.  I checked PETERSON's Department of Motor Vehicles ("DMV")

records and saw that they provided the same date of birth and the subject premises for

PETERSON.  Also, I learned that PETERSON's physical description according to the DMV

records provided that he was 5'07" tall, weighs 180 lbs, and has brown hair and blue eyes.

      25.     On June 8, 2011, I conducted surveillance at the subject premises and saw a

vehicle, with California license plate number "DREMMN," which database queries later found

to be registered to PETERSON (with the subject premises as the address) parked in the driveway

of the residence.

      26.     On July 6, 2011, I obtained a federal search warrant, (ED11-0225M), authorizing

the search of the subject premises for evidence of violations of Title 18, United States Code,

Sections 2252A(a)(2): Receipt or Distribution of Child Pornography and 2252A(a)(5)(B):

Possession of Child Pornography.

---

[1] I have not included certain identifying information that I do not believe is relevant to this complaint, such as the street number or name of PETERSON's address, for the sake of protecting the privacy of the other occupants of PETERSON's residence.

### C.   Execution of Search Warrant – Receipt of Child Pornography

27.     On July 8, 2011, DHS/HSI Special Agents, including myself, executed a search of the subject premises pursuant to the aforementioned search warrant.  At approximately 7:00 am, agents rang the doorbell and a male occupant, later identified as Michael PETERSON, answered the door.  Agents asked PETERSON if there were any other occupants in the residence and I heard PETERSON reply that there was another male occupant sleeping upstairs.  Agents, including myself, conducted a safety sweep of the residence and encountered the second adult male, later identified as E.C.[2], exiting from an upstairs bedroom.

28.     During the safety sweep, agents, including myself, entered the family room of the residence which is located on the first floor at the rear of the house and adjacent to the kitchen.  I, along with other agents, observed two laptop computers and a half-eaten bowl of cereal on a table in the family room.   The table was behind a leather sectional sofa and faced the interior of the family room, away from the kitchen.  One laptop computer was open and powered on, and had an external hard drive was attached to it, and the second laptop, which was closed, was to the left of the open laptop on the table.  After the safety sweep, HSI Computer Forensics Agent ("CFA") Frank Day informed me that the open powered-up laptop was actively downloading child pornography through a peer-to-peer network under the username "mikeytoo" at the time agents made entry into the residence.  The open laptop was later found to contain 44 images containing child pornography, and the hard drive attached to the computer was later found to contain over 7,000 movie files and over 300,000 images files containing child pornography, as provided below in subparagraphs 34(a) and 34(b).

29.     During the execution of the search warrant, agents seized, among other items, nine external hard drives, three laptop computers, two computer towers, one flash drive, one 50-

---

[2] I have only included the initials of this individual to protect his privacy.

in-1 card reader, one video camera, one Apple iPad computer, and one Apple iPhone. All the aforementioned items were sent to CFA Frank Day for forensic analysis.

30.     At approximately 7:32 am, SA Anthony Negrelli and I advised PETERSON of his Miranda rights and PETERSON invoked his right to counsel and no interview was conducted.

31.     E.C., believed to be PETERSON's husband, was also interviewed, but I am not relying on any information gained from E.C. for this complaint and therefore, I have not included that information in this affidavit.

**D.     Results of Forensic Search – Possession of Child Pornography**

32.     On July 8, 2011, HSI CFA Frank Day took the digital media found at the subject premises for forensic examination.

33.     SA Day is a federal law enforcement agent who has received formal computer forensic training. SA Day has also gained practical experience since 1995 in the methodology of searching and seizing digital data. SA Day successfully completed the US Treasury Department's training to qualify as a Computer Investigative Specialist ("CIS"). SA Day is also a veteran criminal investigator with over twenty seven years of federal investigative experience. SA Day conducted the forensic examination for the aforementioned digital devices utilizing a noninvasive hardware and software protocol that prevented the writing of any data to the analyzed digital files. This methodology was undertaken to insure no data was changed or altered during the searching and analysis of the media.

34.     On August 15, 2011, I received a report of the forensic analysis conducted by SA Day. Based on my review of SA Day's report, I learned that several of the digital devices seized from the subject premises contained images and videos of child pornography. Specifically, SA

Day's report indicated that the following devices contained various amounts of images and/or videos of suspected child pornography:

  a.  A Hewlett Packard laptop was found open and actively downloading child pornography during the execution of the search warrant at the subject premises. According to Agent Day, the unique system user name for this laptop was labeled "Mikeytoo." Agent Day's analysis of this laptop revealed 44 pictures of child pornography.

  b.  A Seagate external hard drive was found attached to the Hewlitt Packard laptop during the execution of the search warrant at the subject premises. Agent Day's analysis of this external hard drive revealed 7,080 movie files, 318,513 image files, and 20 archive files containing mostly child pornography.

  c.  Another Seagate external hard drive was also found at the subject premises and Agent Day's analysis revealed that it contained two movie files, 1,013 images files, and four archive files containing child pornography.

  d.  A Western Digital Caviar hard drive was found at the subject premises and Agent Day's analysis revealed that it contained 45 movie files and 11,508 image files containing child pornography.

  e.  A second Western Digital External hard drive was found at the subject premises and Agent Day's analysis revealed that it contained 386 movie files, 220,017 image files, and 444 archive files containing child pornography.

  f.  In total, the forensic analysis revealed that the digital devices found and seized at the subject premises contained approximately 500,000 images and 7,500 videos depicting suspected child pornography and/or child erotica.

35.     On September 2, 2011, I reviewed some of the images and videos on the digital devices seized at the subject premises.  I noted that the images and videos depicted minors either engaged in sexually explicit activities or photographed in the nude.  Listed below are descriptions of portions of six of the videos found on the Seagate external hard drive that was found attached to the Hewlett Packard laptop that was actively downloading child pornography when agents entered the subject premises during the execution of a federal search warrant.  This laptop was identified by Ernesto CONSENCINO as being primarily used by Michael PETERSON.  The Seagate external hard drive contained movie files, portions of which are described below:

a.      File 0001-0000, 19:05 minutes: The scene opens in the driver's side of a vehicle with a young girl lying down on a seat with a young boy performing oral copulation on her.  An adult male's voice can be heard on the video speaking a foreign language.  It is daylight and in the background children can be heard playing in a public setting.  In another scene, the male child is in the driver's seat with the female child performing oral sex on him.  In another scene, the female child is on top of the male child as the male child vaginally penetrates the female child with his penis and performs intercourse.  The adult male is giving instructions during the entire video.  The video also depicts an adult male lying down in the driver's seat with the female child on top of him stroking his penis.  The female child puts the adult male's penis into her vagina and begins having intercourse with the adult male.  The female child is then shown performing oral sex on the adult male until the adult male ejaculates in the child's mouth.  The female child spits the semen out into her hand while looking at the camera.  The adult male speaks to the female child and she licks the semen out of her hand.

b.      File 0676-0000, 24:09 minutes: An adult male moves and lies down beside a young boy facing the camera. The man then helps the child remove his pants, lowering them but not taking them completely off. The man leaves the camera scene. The man speaks in a foreign language off the scene and appears to be giving the child instructions. The child plays with his erect penis. The man lies next to the boy again and begins stroking the child's penis. The man lowers the child's pants further and begins fondling the child and the child begins fondling the man's erect penis. At one point the man begins to fondle the child's penis while stroking his own penis. As the scene progresses, the child turns over and briefly puts the man's penis in his mouth. The child's buttocks are facing the camera and the man spreads the child's buttocks open revealing the child's anus to the camera. The man puts his finger near the child's anus and penetrates the child with his finger while putting his erect penis in the child's mouth. At one point the child brushes off the man's hand off his buttocks. The child then rolls onto his stomach and the man penetrates the child's anus with his erect penis. The man begins having anal intercourse with the child. The scene continues with the child standing up and removing his pants completely and performing oral sex on the man.

c.      File 2551-0000, 3:17 minutes: The scene opens with a fully clothed male child wearing jean shorts in a reclined position on an adult male's lap. The adult male proceeds to pull the jean shorts down to the child's ankles and begins to play with the child's penis. The next scene cuts away to a close-up of the man penetrating the anus of the child with his erect penis. The child's hand is behind him holding the adult's penis and guiding it into his anus. The man proceeds to penetrate the child's anus until the end of the 3:17-minute video.

d.      File 2792-0000, 31 seconds: This video depicts a young boy on his knees, fully nude and an adult male anally penetrating him during anal sex.

13

e.    File 2797-0000: [Graphic description of child sexual abuse material omitted.]

f.    File 4500-000, 1:06 minutes: [Graphic description of child sexual abuse material omitted.]

## VI.    CONCLUSION

36.    Based on the foregoing, I believe there is probable cause to believe that MICHAEL PETERSON knowingly violated Title 18, United States Code, Sections 2252A(a)(2): Receipt and Distribution of Child Pornography and 2252A(a)(5)(B): Possession of Child Pornography.

Scott R. Steward
Special Agent
Homeland Security Investigations

Subscribed and sworn to before me this ___ day of December, 2011.

HONORABLE DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE